UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCY PEDLERS, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-02048-TLN-JDP (PS)<br><br>**AMENDED ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HER FIRST AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 2 & 3 |

　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Her declaration makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

　　　Under § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim. I will grant her one more opportunity to amend before recommending dismissal of this action.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that as part of plaintiff's senior class project at California State University, Sacramento, she was tasked with creating a public relations plan for Loaves and Fishes, a non-profit in Sacramento. ECF No. 3 at 7-8. At the time, defendant Sister Libby Fernandez was the executive director of Loaves and Fishes. *Id.* Plaintiff claims that defendant

2

Fernandez used this plan to incorporate a new non-profit called "Mercy Pedlars." *Id.* According to the complaint, defendant Fernandez stole this idea from plaintiff, gave her and her classmates no credit for the idea, and received compensation in the form of donations to Mercy Pedlars. *Id.* Plaintiff seeks to hold defendant Fernandez liable for using her intellectual property. *Id.* To do so, plaintiff has asserted numerous state and federal law claims, including discrimination, defamation, wire fraud, copyright infringement, and RICO. *Id.* at 8-11. However, the complaint as it stands fails to assert a cognizable claim.

Plaintiff's claim that defendant Fernandez used her idea without permission does not amount to a copyright infringement. "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). As to the first element, there is no allegation that plaintiff holds a valid copyright over her plan. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (stating that the plaintiff was "required to show registration as an element of an infringement claim").

Moreover, copyright protection is available for "original works of authorship fixed in any tangible medium of expression," such as literary, musical, dramatic, and graphic works. 17 U.S.C. § 102(a). Copyright protection is limited, such that it does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Copyright protection is "given only to the expression of the idea—not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217 (1954). Plaintiff's plan is therefore not covered under copyright law.

Plaintiff also attempts to assert several criminal statues as basis for her claims. However, criminal statutes "generally do not give rise to private rights of action." *Robertson v. Cath. Cmty. Servs. of W. Wash.*, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent.*

*Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)). Only where "Congress intended to create, [ei]ther expressly or by implication, a private cause of action" will a civil claim be recognized. *Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255, 255 (2016) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)). Courts may not "infer a private right of action from 'a bare criminal statute.'" *Cent. Bank of Denver*, 511 U.S. at 190. Accordingly, the federal statutes on which plaintiff relies upon do not confer a basis for civil liability. *See Valero*, 667 F. App'x at 255 (affirming dismissal of civil claims asserted under Title 18 "because there is no private right of action provided by those criminal statutes").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

IT IS SO ORDERED.

Dated:   September 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE