1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SORAYA MARIA RIGOR,                    Case No.  2:23-cv-2048-TLN-JDP (PS)

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   MERCY PEDLARS, et al.,

15              Defendants.

16

17        Plaintiff has filed a second amended complaint against defendants Mercy Pedlars,[1] Sister

18   Libby Fernandez, and Sisters of Mercy of Americas, alleging that defendants violated her rights

19   by improperly using her college business idea without crediting her.  As with the initial

20   complaint, the amended complaint fails to state a claim.  Since plaintiff has not remedied the

21   previously identified deficiencies, I recommend that this action be dismissed.

22                        **Screening and Pleading Requirements**

23        A federal court must screen the complaint of any claimant seeking permission to proceed

24   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

25   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

26        [1] Plaintiff has spelled the organization as "Mercy Pedlers," *see* ECF No. 7 at 1, and
27   "Mercy Pedlars," *see id.* at 2.  However, the court believes that plaintiff is referring to the
     organization "Mercy Pedalers."  For purposes of this order, the court will use plaintiff's most
28   recent spelling "Mercy Pedlars."

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2  relief.  *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction.

21  A federal court may adjudicate only those cases authorized by the Constitution and by Congress.

22  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction

23  statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction,

24  respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal

25  law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III,

26  § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific

27  subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  A case

28  presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.

1   *Kokkonen*, 511 U.S. at 376-78.

2                                   **Analysis**

3          The second amended complaint contains the same base allegations as plaintiff's prior

4   complaints.[2]  Plaintiff alleges that while she was student at California State University,

5   Sacramento, one of her class requirements was to draft an analysis on the public relations plan for

6   Loaves and Fishes, a non-profit organization in Sacramento.  ECF No. 7 at 1-2.  Plaintiff and her

7   classmates submitted the finished assignment to Sister Libby Fernandez, who was the executive

8   director of Loaves and Fishes.  *Id.*  Plaintiff alleges that Sister Fernandez then took their class

9   project and used it to create a new non-profit, Mercy Pedlars.  *Id.*  The assignment had identified

10  issues with the public relations model used by Loaves and Fishes, and Sister Fernandez

11  incorporated the assignment's proposed ideas into Mercy Pedlars.  *Id.*

12         Plaintiff alleges that because Sister Fernandez used plaintiff's ideas, plaintiff was not able

13  to market the ideas as her own to potential employers.  *Id.* at 2-3.  Plaintiff also claims that Sister

14  Fernandez defamed plaintiff because Sister Fernandez claimed that she came up with the concept

15  for Mercy Pedlars via an epiphany, giving no credit to plaintiff.  *Id.*  Plaintiff seeks to hold

16  defendant Fernandez liable for using her intellectual property.  To do so, plaintiff has asserted

17  numerous state and federal law claims, including discrimination, defamation, and copyright

18  infringement.  However, the complaint continues to fail to assert a cognizable claim; I thus

19  recommend that it be dismissed without leave to amend.

20         As I explained in my previous screening order, to make out a claim for copyright

21  infringement, "a plaintiff must demonstrate (1) ownership of the allegedly infringed work and

22  (2) copying of the protected elements of the work by the defendant."  *Pasillas v. McDonald's

23  Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).  Plaintiff has not remedied her failure to address the

24  _____

25         [2] Plaintiff includes several allegations about an event called "Entrepreneurs Unleashed,"
    which has no apparent relation to the claims alleged herein and which plaintiff has attempted to
26  reference in other lawsuits.  *See Rigor v. California State University of Sacramento*, Case No.
    2:19-cv-0633-KJM-AC; *Rigor v. California State University of Sacramento*, Case No. 2:20-cv-
27  0394-JAM-AC; *Rigor v. Deal and Katy Carlsen Center for Innovation and Entrepreneurship*,
    Case No. 2:21-cv-1388-KJM-AC.  Because those allegations are not at the core of plaintiff's
28  complaint and are likely barred, I will not address the allegations' sufficiency.

                                        3

first requirement; she has not alleged that she holds a valid copyright over her plan.  *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (stating that the plaintiff was "required to show registration as an element of an infringement claim").

Even if plaintiff had alleged that she held a valid copyright over her plan, copyright protection is available for "original works of authorship fixed in any tangible medium of expression," such as literary, musical, dramatic, and graphic works.  17 U.S.C. § 102(a).  Copyright protection is limited, and does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. § 102(b).  Copyright protection is "given only to the expression of the idea—not the idea itself."  *Mazer v. Stein*, 347 U.S. 201, 217 (1954).  Plaintiff's plan is not covered under copyright law.

Plaintiff also continues to allege several criminal statues as basis for her claims, *see* ECF No. 7 at 11 (alleging claims under 18 U.S.C. §§ 241, 242, 245, 249, 1001), despite my prior instruction that she cannot assert such claims, since criminal statutes "generally do not give rise to private rights of action."  *Robertson v. Cath. Cmty. Servs. of W. Wash.*, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)).  Only where "Congress intended to create, [ei]ther expressly or by implication, a private cause of action" will a civil claim be recognized.  *Valero v. Bac Home Loans Servicing, LP*, 667 F. App'x 255, 255 (2016) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979)).  Courts may not "infer a private right of action from 'a bare criminal statute.'"  *Cent. Bank of Denver*, 511 U.S. at 190.  Accordingly, the federal statutes on which plaintiff relies upon do not confer a basis for civil liability.  *See Valero*, 667 F. App'x at 255 (affirming dismissal of civil claims asserted under Title 18 "because there is no private right of action provided by those criminal statutes").

Plaintiff also makes vague reference to the Federal Torts Claims Act to support her

allegations. *See* ECF No. 7 at 20. "The [FTCA] is a limited waiver of sovereign immunity," *United States v. Orleans*, 425 U.S. 807, 813 (1976), making the federal government liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C.A. § 1346(b). Although Congress has consented to suits against the United States under the FTCA, prior to bring tort claim against the United States, a plaintiff must first exhaust her administrative remedies by filing a claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The administrative claim requirement is jurisdictional, *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995), and courts are required to strictly construe the exhaustion requirement, *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006) (holding that where exhaustion conditions are not satisfied, action may not proceed "merely because dismissal would visit a harsh result upon the plaintiff"). Plaintiff's claim necessarily fails, since the complaint does not allege that she timely filed an administrative claim or that any defendant is an employee of the United States.

Plaintiff's second amended complaint has failed to cure the deficiencies noted in my prior order. Accordingly, the second amended complaint should be dismissed. And, given the complaint's deficiencies and that plaintiff has already been given multiple opportunities to amend her complaint, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 7, be DISMISSED without leave to amend for failure to state a claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE